UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYLEAN DAVENPORT,

    Plaintiff,

v.

Civil Case No. 22-11624
Honorable Linda V. Parker

BEAUMONT HOSPITAL,

    Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PLAINTIFF'S COMPLAINT AND DENYING WITHOUT PREJUDICE
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

On July 15, 2022, Plaintiff filed this wrongful death lawsuit against Defendant and moved to proceed in forma pauperis. Plaintiff appears to be claiming that a physician at Defendant's hospital in Farmington was negligent in treating Donald Brierley, whose relationship to Plaintiff is unclear from the Complaint. Mr. Brierley died at the hospital on January 15, 2018. This Court lacks subject matter jurisdiction to adjudicate Plaintiff's Complaint and therefore is summarily dismissing the action without prejudice.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution

and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). As a general rule, federal courts have jurisdiction only over matters arising under the Constitution, laws, or treaties of the United States, 18 U.S.C. § 1331, or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 18 U.S.C. § 1332. Complete diversity exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also* 28 U.S.C. § 1332(a)(1). A court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) where subject matter jurisdiction is lacking. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)).

Even when read liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff's Complaint does not assert a claim arising under federal law. Diversity jurisdiction is lacking as Plaintiff and Defendant are Michigan citizens. And Plaintiff's claims of medical malpractice and wrongful death are most properly pursued through the Michigan state courts. Thus, to the extent Plaintiff has a ripe and viable claim against Defendant, it should be filed in state court.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE** and Plaintiff's Complaint is sua sponte **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IT IS SO ORDERED**.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: July 21, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 21, 2022, by electronic and/or U.S. First Class mail.

        s/Aaron Flanigan
        Case Manager